JOE SMITH v. THE STATE.

No. 7956.   Decided May 14, 1924.

**Assault with Intent to Rape—Exculpatory Statement—Companion Case.**

Where, upon trial of assault with intent to rape, the present appeal is similar in facts and law to a companion case, and in which the falsity of an exculpatory statement of the defendant was not shown, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Hamilton.   Tried below before the Honorable J. R. McClellan.

Appeal from a conviction of assault with intent to rape; penalty two years imprisonment in the penitentiary.

The opinion states the case.

*H. E. Chesley, A. R. Eidson,* and *A. E. Nabors,* for appellant.—
Cited cases in companion case.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Hamilton County of assault with intent to rape, and his punishment fixed at two years in the penitentiary.

This is a companion case to Huffman v. State, No. 7955, opinion this day handed down, and rests upon similar facts and reasoning. A written statement of the appellant who did not testify was introduced in evidence by the State as having been made the day following the occurrence in which he affirmed his entire lack of knowledge of or acquaintance with prosecutrix; that he was told by Velma Huffman that she was a girl with whom Willingham could have carnal connection; that upon this information they went in a car to the Patterson home and Velma Huffman brought her out and they got in the car, he and the Huffman girl being on the front seat and Evelyn Patterson and Willingham on the back seat; that the only thing that he heard or knew of as occurring on the back seat between Evelyn Patterson and Willingham up to the point where the Patterson girl jumped from the car, was that Willingham asked him to increase the speed of the car. The State's case otherwise was almost exactly similar to that in the Huffman case, supra. We have been unable to discover anything in the record showing the falsity of this exculpatory statement put in evidence by the State which entirely negatives the fact of guilt as a principal and have concluded that under the authorities cited in the Huffman case, supra, we are compelled to direct a reversal of this case, and it is so ordered.

*Reversed and remanded.*